FILED

2013 SEP 27 PM 12:47

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. SANTA ANA

BY

Anita L. Steburg, State Bar No. 245933
STEBURG LAW FIRM, PC
1798 Technology Drive, Suite 258
San Jose, CA 95110
Phone (408) 573-1122
Fax (408) 573-1126

Attorney for Plaintiff
BRADFORD T. SMITH

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

BRADFORD T SMITH, an individual,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES, N.A.; and Does 1-10,

Defendants.

Case No.: **SACV13-01520 DDP (Ex)**

**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1679 and § 1681)**

1. **FAILURE TO ESTABLISH PROPER PROCEDURES (15 U.S.C. § 1681e)**
2. **FAILURE TO REINVESTIGATE (15 U.S.C. § 1681i)**
3. **FAILURE TO INVESTIGATE (15 U.S.C. § 1681s-2(b)(1)(A)-(E))**
4. **WILLFUL AND NEGLIGENT VIOLATION OF (Cal. Civ. CODE § 1785.25(a), (b), (c), and (f))**
5. **BREACH OF CONTRACT**
6. **BREACH of IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
7. **NEGLIGANT MISREPRESENTATION**
8. **PROMISSORY ESTOPPEL**
9. **VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT – CA BUS., & PROF. CODE §§ 1788-1788.32**

COMES NOW the Plaintiff BRADFORD T. SMITH (hereinafter "Plaintiff" and/or "Mr. Smith") by counsel, and for her complaint against Defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (hereinafter the "FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"). Specifically, Plaintiff seeks the remedies as provided in the FCRA and FDCPA for Defendants' failures to investigate and/or correct inaccurate credit report information as required by 15 U.S.C. §§ 1681e and 1681i, and failures to respond to requests for the information regarding Plaintiff's mortgage loan as required by 15 U.S.C. § 1641(f) and 12 U.S.C. § 2605(e).

2. Venue is proper before this court under 28 U.S.C. 1392(b)(2) as a substantial part of the events, circumstances and omissions give rise to this claims occurred in this district.

3. The jurisdiction of this Court is conferred by 12 U.S.C. § 2614; 15 U.S.C. § 1681(p); and 28 U.S.C. § 1367.

## PARTIES

4. The Plaintiff is a natural persons and a resident of Santa Cruz County, California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") is a corporation incorporated under the laws of the State of Texas authorized to do business under the laws of the State of California through its registered offices at 475 Anton Boulevard, Costa Mesa California 92626.

6. Upon information and belief, Experian is a "consumer reporting

agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, Defendant EQUIFAX INFORMATION SERVICES, L.L.C. (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

9. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

10. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, Defendant TRANS UNION, L.L.C. (hereinafter individually "TransUnion" and collectively with Experian and Equifax the "CRAs") is a business entity organized under the laws of Delaware authorized to do business under the laws of the State of California through its registered offices at 1510 Chester Pike, Crum Lynne, PA 19022.

12. Upon information and belief, TransUnion is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13. Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

14. Upon information and belief, BANK OF AMERICA, N.A. (Bank of America), headquartered at 100 N. Tryon St., Charlotte, NC 28255 and is a bank which is doing business in Orange County and is authorized to do business under the laws of the State of California. Bank of America transacts business in and has substantial contacts with the State of California.

15. Upon information and belief, Bank of America is a "furnishers of information to consumer reporting agencies" as applied in 15 U.S.C. § 1681s-2.

## FACTUAL BACKGROUND

*Plaintiff's Bankruptcy*

16. Sometime before October 19, 2010 Plaintiff is alleged to have incurred certain financial obligations with FIA Card Services, N.A. ("FIA") designated account number xxxx-xxxx-xxxx-4618.

17. Upon information and belief, FIA was acquired by merger by Bank of America, N.A. (hereinafter "Bank of America")

18. On October 19, 2010, Plaintiffs filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for Northern District of California in the case entitled *In re Bradford Thurry Smith and Jennifer Kay Smith*, Bankruptcy No. 10-60847 (hereinafter "the Bankruptcy").

19. Plaintiffs included Bank of America account number xxxx-xxxx-xxxx-4618 as an unsecured creditor on Schedule F of their bankruptcy filing.

20. On January 11, 2011, Defendant FIA filed an Adversary Proceeding to Determine Dischargeability of Debt for account number xxxx-xxxx-xxxx-4618 under U.S.C. §523(a)(2)(A) designated case number 11-05011(hereinafter "Adversarial Proceeding").

21. On August 26, 2011 Defendant FIA's Adversarial Proceeding was Dismissed with Prejudice.

22. On or about September 9, 2011 Defendant FIA filed an appeal in U.S. District Court Northern District of California.

23. On or about August 22, 2012 District Court Judge Lucy H. Koh filed an Order Affirming Bankruptcy Court Order.

24. Plaintiff asserted an entitlement to attorney's fees pursuant to 11 U.S.C. § 523(d).

25. Without an admission of liability by any party both parties entered into a Confidential Settlement Agreement and Mutual Release to avoid the cost of additional litigation.

26. Paragraph 3 of this Confidential Settlement Agreement and Mutual Release reads in pertinent part:

> FIA hereby releases and forever discharges Smith from all liability, claims, demands actions or causes of action, known and unknown, in connection with the above referenced adversary proceeding.

The Agreement was not conditioned upon Plaintiff receiving a discharge from his bankruptcy.

*Inaccurately Reported Information*

27. In his credit reports regarding Plaintiff, all three CRAs include inaccurate information from Plaintiff's former creditor FIA regarding account number xxxx-xxxx-xxxx-4618.

28. The CRAs include the following inaccurate information in their credit reports for Plaintiff regarding plaintiff's former account with FIA:

- Account history is inaccurate;
- Creditor's statement of "Charge Off" is inaccurate;
- Recent Balance is inaccurate;

- Account Status is inaccurate;
- Pay status is inaccurate; and
- The status of this account being listed as a "Charge Off" is not accurate.

*Credit Report Dispute*

29. When Plaintiff discovered these erroneous entries in his credit reports, he contacted the CRAs and requested they verify and delete the erroneous information from their credit file.

30. On or about June 18, 2013, Plaintiff sent letters to all three CRAs notifying them of the erroneous information regarding his former account with Bank of America.

31. On or about July 18, 2013, Trans Union informed Plaintiff that they had concluded their investigation and provided Plaintiff with a partial copy of his Trans Union credit report including the Bank of America trade line containing the disputed information.

32. On or about July 16, 2013, Equifax informed Plaintiff that they had concluded their investigation and provided Plaintiff with a partial copy of his Experian credit report including the Bank of America trade line containing the disputed information.

33. On or about July 29, 2013, Experian informed Plaintiff that they had concluded their investigation and provided Plaintiff with a partial copy of his Experian credit report including the Bank of America trade line containing the disputed information.

34. Upon information and belief, after receiving Plaintiff's request for verification and deletion, and in accordance with their standard procedures, the CRAs did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the listings and representations from the Creditor that lead to the above-referenced errors in Plaintiff's credit report.

35. In the alternative to the allegation that the CRAs failed to contact the information reporter, Bank of America, Plaintiff alleges on information and belief that the CRAs did forward some notice of the dispute to Bank of America and Bank of America failed to conduct a lawful investigation.

36. Additionally, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

**FIRST CLAIM FOR RELIEF**

**(CRAs)**

**(Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)**

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Defendants CRAs violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

39. Plaintiff was denied credit as a result of the incorrect reporting of the Bank of America trade line.

40. As a result of this conduct, action and inaction of Defendants CRAs, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

41. Defendants CRAs conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover attorney's fees from Defendants CRAs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or §

1681o.

## SECOND CLAIM FOR RELIEF

**(CRAs)**

**(Failure to Reinvestigate – 15 U.S.C. § 1681i)**

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. Defendants CRAs violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit file; and by relying upon verification from a source it has reason to know is unreliable.

45. As a result of this conduct, action and inaction of Defendants CRAs, Plaintiffs suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

46. Defendants CRAs' conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## THIRD CLAIM FOR RELIEF

**(BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES)**

**(Failure to Investigate – 15 U.S.C. § 1681s-2(b)(1)(A)-(E))**

48. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

49. When Plaintiff attempted to dispute the inaccuracies with the CRAs, the results of the CRAs investigation reported that Bank of America had verified the information as accurate.

50. The information that Bank of America allegedly verified included inaccurate information.

51. Defendant Bank of America violated 15 U.S.C. § 1681s-2(b)(1) by failing, upon receiving notice of the dispute by Plaintiff from the Defendant CRAs, to conduct a lawful investigation; by failing to review all relevant information provided by the Defendant CRAs; by failing to report the result of its investigation to the CRAs; if the investigation finds that the information is incomplete or inaccurate, by failing to report those results to the Defendant CRAs and/or if the information is disputed by Plaintiff is found to be inaccurate or incomplete or cannot be verified after any reinvestigation by failing to modify, delete or permanently block that item of information.

52. As a result of this conduct, action or inaction of Defendant Bank of America, Plaintiff has suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

53. Defendant Bank of America's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

**FORTH CLAIM FOR RELIEF**

**(BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES)**

**(Failure to Reinvestigate – Cal. Civ. Code § 1785.25(a),(b),(c), and (f))**

54. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55. Bank of America violated the California State Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25(a),(b),(c), and (f) on multiple occasions by continuing to publish the disputed Bank of America account information within Plaintiff's credit file, when Bank of America knew or should have known the information was incomplete or inaccurate; by failing to fully and properly investigate Plaintiff's dispute of the Bank of America account; by failing to review all relevant information regarding same; by failing to accurately respond to the credit reporting agencies; by failing to correctly report results of an accurate investigation to every reporting agency; and by reporting the Bank of America account to credit reporting agencies without also including a notation that this account was disputed.

56. As a result of this conduct, action and inaction of Bank of America, Plaintiff suffered damage by loss of credit, increased cost of credit, loss of the ability to purchase and benefit from credit, and the humiliation and embarrassment of credit denials. Further, Plaintiff suffered emotional distress in spending time and effort attempting to correct the erroneous credit reporting, to no avail.

**FIFTH CLAIM FOR RELIEF**

**(BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES)**

**(Breach of Contract)**

57. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58. Defendant has breached the above-described settlement agreement by Defendant's failure to update Plaintiff's credit reports to reflect the terms of the settlement and Plaintiff has suffered damage according to proof at time of trial.

59. As a result of Defendant's breach, Plaintiff has been forced to retain the services of Steburg Law Firm, P.C. to prosecute this lawsuit.

60. As a direct and proximate result of Defendant's breaches, Plaintiff has sustained damages in an amount proven at trial but not less than $5,000.

**SIXTH CLAIM FOR RELIEF**

**(BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES)**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62. Each contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated when they entered into the agreement.

63. Defendant did not act in good faith and did not deal fairly with Plaintiff in connection with the Confidential Settlement Agreement and Mutual Release by continuing to report the Bank of America debt as past due and charged off.

64. The actions of Defendant as alleged above constituted bad faith and willful breach of their implied covenant of good faith and fair dealing with Plaintiff.

65. As a result of the Defendant's breaches of this covenant, Plaintiff has suffered general and special damages in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

**(BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES)**

**(Negligent Misrepresentation)**

66. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67. As described in more detail above, the Defendant represented to Plaintiff that Plaintiff would be released and forever discharged from all liability in connection with the FIA adversary proceeding which included FIA Card debt.

68. On information and belief, the applicable Defendant's statements were at least negligently false when communicated to Plaintiff, yet were made nonetheless with the intention to mislead and induce Plaintiff to rely on and act (or not act) upon them (and on which Plaintiff reasonably did rely upon them to its detriment) from which the applicable Defendant benefited.

69. At the time the applicable Defendant made at least their misrepresentations, Plaintiff was ignorant of the falsity of the representations and reasonably believed them to be true.

70. As a direct and proximate result of the applicable Defendant's at least negligent misrepresentations alleged above, Plaintiff has been damaged in an amount subject to proof.

71. WHEREFORE, Plaintiff prays for judgment against the applicable Defendant as set forth below.

## EIGTH CLAIM FOR RELIEF

**(BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES)**

**(Promissory Estoppel)**

72. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

73. The applicable Defendant made clear and unambiguous promises to Plaintiff to release and forever discharge Plaintiff from all liability, claims, demands, actions or causes of action, known and unknown, in connection with the above referenced adversary proceeding.

74. In making the above promises and representations to Plaintiff, the applicable Defendant knew or should have known that Plaintiff would reasonably be induced to act in reliance on such promises and representations.

75. Plaintiff reasonably and foreseeably relied upon such promises and representations in, among other things, signing the Confidential Settlement Agreement and Mutual Release.

76. The applicable Defendant breached their promises and otherwise failed to live up to the representations made to Plaintiff. As a result of the applicable Defendant's breach of promises and representations as alleged herein, Plaintiff has been harmed and suffered economic injury in an amount according to proof,

77. Injustice can be avoided only by enforcing the applicable Defendant's promises and representations.

78. WHEREFORE, Plaintiff prays for judgment against the applicable Defendants as set forth below.

**NINTH CLAIM FOR RELIEF**

**(Violation of Rosenthal Fair Debt Collection Practices Act - §§ 1788-1788.32)**

**(BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES)**

79. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

80. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA including misrepresentation that the debt is still owed.

81. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing and willful violation in the amount of up to $1,000 pursuant to California Civil Code § 1788.30(b) and reasonable attorney fees and costs pursuant to California Civil Code § 1788.30(c) from Bank of America, N.A. as successor by merger to FIA Card Services.

**DEMAND**

WHEREFORE, Plaintiff demands judgment for actual, statutory, compensatory, punitive and restitution damages against Defendants, jointly and severely; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

DATED: September 24, 2013

STEBURG LAW FIRM

By: [signature]
Anita L. Steburg
Attorney for Plaintiff
Bradford T. Smith

72. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

73. The applicable Defendant made clear and unambiguous promises to Plaintiff to release and forever discharge Plaintiff from all liability, claims, demands, actions or causes of action, known and unknown, in connection with the above referenced adversary proceeding.

74. In making the above promises and representations to Plaintiff, the applicable Defendant knew or should have known that Plaintiff would reasonably be induced to act in reliance on such promises and representations.

75. Plaintiff reasonably and foreseeably relied upon such promises and representations in, among other things, signing the Confidential Settlement Agreement and Mutual Release.

76. The applicable Defendant breached their promises and otherwise failed to live up to the representations made to Plaintiff. As a result of the applicable Defendant's breach of promises and representations as alleged herein, Plaintiff has been harmed and suffered economic injury in an amount according to proof,

77. Injustice can be avoided only by enforcing the applicable Defendant's promises and representations.

78. WHEREFORE, Plaintiff prays for judgment against the applicable Defendants as set forth below.

## NINTH CLAIM FOR RELIEF

**(Violation of Rosenthal Fair Debt Collection Practices Act - §§ 1788-1788.32)**

**(BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES)**

79. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge Dean D. Pregerson and the assigned Magistrate Judge is Charles F. Eick.

The case number on all documents filed with the Court should read as follows:

**SACV13-01520 DDP (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 27, 2013
Date

By A. Gonzalez
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[X] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

BRADFORD T. SMITH, an individual

*Plaintiff*

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES, N.A.; and Does 1-10,

*Defendant*

Civil Action No. **SACV13-01520 DDP (Ex)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Steburg Law Firm, P.C.
1798 Technology Drive, Suite 258
San Jose, CA 95110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 9-27-13

A. Gonzalez
Signature of Clerk or Deputy Clerk
Adrianna Gonzalez

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

BRADFORD T. SMITH, an individual

*Plaintiff*

v.

EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO FIA CARD SERVICES, N.A.; and Does 1-10,

*Defendant*

Civil Action No. **SACV13-01520 DDP (Ex)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Steburg Law Firm, P.C.
1798 Technology Drive, Suite 258
San Jose, CA 95110

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 9-27-13

*Signature of Clerk or Deputy Clerk*